IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FRANCES GABLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 13-cv-5349 |
| | ) | |
| MACK TRUCKS, INC., | ) | |
| VOLVO GROUP NORTH AMERICA LLC, | ) | |
| KEITH SCHROEDER, and WILLIAM | ) | |
| BALSIS | ) | |
| | ) | |
| | ) | **PLAINTIFF DEMANDS** |
| Defendant. | ) | **TRIAL BY JURY** |
| | ) | |

## COMPLAINT AT LAW

Plaintiff, FRANCES GABLE, (hereinafter "Plaintiff" or "GABLE"), by her attorneys, BEST, VANDERLAAN & HARRINGTON, in complaining of Defendants MACK TRUCKS, INC. (hereinafter "MACK"), VOLVO GROUP NORTH AMERICA LLC (hereinafter "VOLVO"), KEITH SCHROEDER, and WILLIAM BALSIS (hereinafter "Defendants" collectively) states as follows:

### NATURE OF THE CLAIM

1. This is an action seeking redress for violations of the Family and Medical Leave Act (hereinafter "FMLA"), 29 U.S.C. §2601 et al.

### JURISDICTION AND VENUE

2. Jurisdiction lies in this Court pursuant to 28 U.S.C. §1343(a)(3) and (4); 29 U.S.C. §1132; 28 U.S.C. §1331; and 29 U.S.C. §2617(2)(A).

3. Venue is proper in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) and (c), as Plaintiff and Defendants reside herein.

## PARTIES

4. Plaintiff GABLE is a female citizen of the United States and is currently a resident of Naperville, Illinois.

5. GABLE was at all relevant times an employee of Defendants MACK and VOLVO, and at all relevant times worked for the Defendants MACK and VOLVO in the State of Illinois under their authority and control.

6. Defendant MACK is a Pennsylvania corporation doing business in Illinois at 3900 Rock Creek Blvd., Joliet, IL 60431.

7. Defendant VOLVO is principally located in North Carolina and doing business in Illinois at 3900 Rock Creek Blvd., Joliet, IL 60431.

8. Defendant KEITH SCHROEDER was at all relevant times Plaintiff's supervisor at VOLVO and MACK. Upon information and belief, KEITH SCHROEDER is a resident of Cook County.

9. Defendant WILLIAM BALSIS was at all relevant times Plaintiff's supervisor at VOLVO and MACK. Upon information and belief, WILLIAM BALSIS is a resident of Cook County.

## FACTUAL BACKGROUND

10. In January 2004, Plaintiff was hired by Defendants VOLVO and MACK as a Warehouse Material Handler at Mack's Chicago Parts Distribution Center in Joliet, IL. Subsequently in 2004, Plaintiff applied and was selected for a Data Processing Clerk position, a position she held until she was terminated on or about August 11, 2011.

11. At all times throughout her employ, Plaintiff performed the duties of her position to the legitimate expectations of her employer.

12. On or about July 27, 2011, Plaintiff requested leave pursuant to the FMLA due to her own serious health condition from July 29, 2011 to August 10, 2011.

13. Thereafter, on or about July 27, 2011, Defendants, including but not limited to, Plaintiff's manager and Human Resources, approved Plaintiff's Request for Leave from July 29, 2011 to August 10, 2011.

14. On or about August 5, 2011, Plaintiff was notified that Defendants Administrator of the Short Term Disability plan approved benefits to Plaintiff from July 29, 2011 thru August 9, 2011.

15. Plaintiff returned to work on or about August 11, 2011.

16. Upon her return or about August 11, 2011, Plaintiff was issued a three day suspension and terminated for violating the attendance policy.

17. Defendants' proffered reason for terminating Plaintiff was pretextual. Defendants' motivation for its action was discrimination and retaliation under the FMLA.

### COUNT I
### ALL DEFENDANTS
### VIOLATIONS OF THE FAMILY AND MEDICAL LEAVE ACT
### 29 U.S.C. §§2601

18. Plaintiff repeats and reasserts Paragraphs 1 through 17 as this paragraph 18 as if set forth fully herein.

19. Defendants VOLVO and MACK were at all applicable times qualified employers as defined under the Family and Medical Leave Act, and at all relevant times employed in excess of fifty (50) employees within a 75 mile radius of Plaintiff's work site. Plaintiff was at all times relevant an FMLA eligible employee of the Defendants.

20. At all relevant times, Defendant KEITH SCHROEDER was Plaintiff's supervisor and controlled the terms and conditions of Plaintiff's employment.

21. At all relevant times, Defendant WILLIAM BALSIS was Plaintiff's supervisor and controlled the terms and conditions of Plaintiff's employment.

22. Defendants interfered with, restrained, denied the exercise or the attempt to exercise Plaintiff's rights under the FMLA and/or retaliated against Plaintiff in violation of the FMLA by, but not limited to the same, failing to fully notify Plaintiff of her rights under the FMLA and terminating Plaintiff's employment.

23. Defendants, individually, and/or by and through their agents, engaged in the foregoing acts and conduct when they knew or should have known that the same were in violation of the FMLA and any alleged reasons to the contrary are pretextual.

24. Defendants' wrongful acts, individually and/or by and through its agents, were deliberate, intentional, willful, wanton and malicious and in total disregard for Plaintiff's rights under the FMLA of 1993.

25. As a direct and proximate result of the acts engaged in by Defendants, Plaintiff suffered severe financial damages, including but not limited to loss of pay and benefits, past and future, loss of career opportunities, loss of future earnings and other incidentals and benefits of employment; attorneys fees, costs and other damages allowed under the FMLA.

WHEREFORE, Plaintiff, FRANCES GABLE, respectfully requests that this Court enter judgment in her favor and against Defendants MACK TRUCKS, INC., VOLVO GROUP NORTH AMERICA LLC, KEITH SCHROEDER, and WILLIAM BALSIS in an amount that

will fully compensate her for her injuries and damages for Defendants' violations of Plaintiff's rights under the FMLA and award Plaintiff damages for loss of wages, past and future, loss of future earnings, loss of career opportunities, loss of employee benefits, past and future, court costs, expense of litigation, punitive, compensatory, expert witness fees, reasonable attorneys fees, liquidated damages, and prejudgment interest, and any other damages allowed under the Family and Medical Leave Act, as well as any other further relief the Court deems just and appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

                    Respectfully Submitted,
                    **FRANCES GABLE**

                    */s/ John C. Kreamer*
                    One of Her Attorneys

John C. Kreamer
Susan J. Best
**BEST, VANDERLAAN & HARRINGTON**
25 East Washington Street #210
Chicago, IL 60602
312.819.1100
312.819.8062